

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. James E. Kilday
Director, Motor Trans-
portation Division
Railroad Commission of
 Texas
Austin, Texas

Opinion No. 0-357
Re:  Observance by Railroad Commis-
sion of corporate fiction in approv-
ing or disapproving transfers of
Special Commodity Permits under the
provisions of Article 911b, Vernon's
Civil Statutes.

Dear Sir:

        We quote the following fact situation presented in
your letter of December 4, 1939:

        "J. H. Robinson Truck Lines, Inc., a Texas
corporation, in which J. H. Robinson, a citizen
of Texas, owns approximately 75% of the capital
stock, has properly procured from this Commission
and holds several intrastate Certificates of Pub-
lic Convenience and Necessity authorizing said
corporation to operate over Texas highways as an
INTRASTATE Common Carrier by truck; and said cor-
poration so extensively operates and has so ex-
tensively operated several years.

        "The 75% stock ownership is based on Mr. Rob-
inson's ownership of 374 shares out of a total of
500 shares.  Ed De Leon, vice-president and direc-
tor, owns 125 shares and O. H. Johnson, secretary-
treasurer, owns one share.  Mr. Robinson is presi-
dent.  The assets of the corporation are said to be
about $100,000.00.  The capital stock liability has
been set at $50,000.00.

        "On November 29, 1939, by an application fil-
ed with this Division, the Commission is asked to
approve of a sale and transfer into J. H. Robinson,
personally and individually, out of the O. D. Jack-
son of Refugio, Texas, of an INTRASTATE Special
Commodity Permit No.12689, heretofore issued by
this Commission, authorizing said Jackson to trans-
port by truck:

        "Wool, mohair, livestock, livestock feedstuffs
and household goods from Refugio to all points in

Texas and from all points in Texas to Refugion

AND, AS WELL,

"Oilfield equipment to and from all points in Texas."

You observe that we have recently held, in response to an inquiry from your department, that a person may not hold a Common Carrier Truck Certificate of Public Convenience and Necessity and a Special Commodity Truck Permit at one and the same time.

You present the following questions for the consideration of this department:

"(a) Shall this Commission observe or disregard the corporate fiction in this and similar cases? (b) Does this Commission have the potential power to approve of said transfer and sale? (c) Is it discretionary with this Commission as to whether it approves or disapproves this transfer and sale?"

We will endeavor to answer your second and third questions first.

Subdivision (d), Section 6, Article 911b, Vernon's Civil Statutes, confers authority upon the Railroad Commission to issue certain special commodity permits "upon such terms, conditions and restrictions as the Railroad Commission may deem proper." Into this authority there is to be read, of necessity, the limitation contained in Section 6bb of said Act, that "no application for permit to operate as a contract carrier shall be granted by the Commission to any person operating as a common carrier and holding a certificate of convenience and necessity..."

Subdivision (e) of the Act permits the transfer of such Special Commodity Permits upon approval by the Commission, and provides that the Commission "may disapprove such proposed . . . transfer if it be found and determined by the Commission that such proposed ... transfer is not in good faith or that the proposed ... transferee is not capable of continuing the operation of the equipment proposed to be transferred in such a manner as to render the services demanded in the best interest of the public; the Commission in approving or disapproving any ... transfer of any permit may take into consideration all of the requirements and qualifications of a regular applicant..."

Your second and third questions, therefore, are answered as follows:

The authority of the Commission to approve or disapprove the proposed transfer of a Special Commodity Permit will depend upon its findings of fact. If the Commission finds that the effect of its approval of the transfer proposed will be to confer a permit to act as a Special Commodity Contract Carrier upon a person holding a Certificate of Convenience and Necessity, it must decline to approve the transfer. An approval of such a transfer would constitute an attempt upon the part of the Commission to arrogate to itself the power to suspend the provisions of Section 6bb of the Act.

Your first question is answered as follows:

A corporation is in most instances to be regarded as a legal entity separate and distinct from its individual members or stockholders. Disregard of the so-called "corporate fiction" is the exception, and not the rule. Fact situations wherein the courts have disregarded the corporate entity are classified as follows, in a note appearing in 5 Texas Law Review, at page 77:

> "First, where it is used as a means of perpetrating fraud; second, where a corporation is organized and operated as a mere tool, or business conduit of another corporation; third, where the corporate fiction is resorted to as a means of evading an existing legal obligation; fourth, where the corporate fiction is employed to achieve or perpetuate monopoly; fifth, where the corporate fiction is used to circumvent a statute; sixth, where the corporate fiction is relied upon as a protection of crime or to justify wrong."

Whether the corporate fiction should be disregarded seems to turn upon the ascertainment of the following facts:

(1) Is the situation factually such that the corporate entity is but the alter ego of the stockholder; and, (2) are the facts such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice? First National Bank in Canyon vs. Gamble (Comm. of App.), 132 S.W.(2d) 100, opinion adopted by the Supreme Court.

It is therefore clear that this department cannot advise the Commission that it should observe or disregard the

corporate fiction in the situation presented, for whether the corporate fiction should be disregarded depends upon the determination of what are essentially questions of fact for the Commission to resolve, towit:

1. Whether the transfer to Robinson is in reality fictitious and intended to vest real title to the permit, actually, in the corporation; or,

2. Whether the control over the corporation by Robinson as majority stockholder is such that in fact the corporation is but the alter ego of Robinson, and whether the corporate fiction is being used in an attempt to circumvent the provisions of the law above quoted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
R. W. Fairchild, Assistant

APPROVED DEC 18, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

RWF:pbp:wb